# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JESSE R. McNUTT                                                                                                PLAINTIFF

v.                                                                                       CIVIL ACTION NO. 5:10CV-91-R

EDWIN N. WHITE                                                                         DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff Jesse R. McNutt filed a *pro se*, *in forma pauperis* "Complaint of Malpractice" against Calloway County Special Judge Edwin N. White "Individually and In Excess of Jurisdiction & Authority." He asserts jurisdiction under 28 U.S.C. §§ 2671, 1346(b)(1) and 1331. Plaintiff claims:

> On 11/17/09 and again on 2/19/10 your layman was summoned to appear in Calloway Circuit Court in Murry, Kentucky. (Chartered 1844 proper spelling) On both instant events your layman was in the custody and control of the U.S. Attorney General's jurisdiction. Your layman is a poor person and was forced to act without legally trained counsel. On both occasions your layman was NOT allowed to testify because of being ordered to swear or affirm by court officer. This order by White was in direct conflict with your layman's sincerely held spiritual beliefs (religious beliefs) in regards to the taking of oaths or affirmations as held by the sacred writings (Holy Bible). These laws are found in Matthew 5:33-37 and again corroborated in James 5:12 (King James Trans.).

Plaintiff alleges that as a result of White's "willful ministerial negligence of your layman's right to testify . . ., White ordered a sale of your layman's property." He further contends that:

> White on 2/19/10 addressed your layman's sincerely held spiritual beliefs by promotion of one religious theory or religion against another. White stated that some

> people believe that the bible was only a form of art. White also in the previous meeting on 11/17/09 stated to your layman that I could affirm and this affirmation would not violate my religious belief over the theory of evolution. Affirmation is the oath taken by one who does not even believe in the very existence of any spiritual belief or allegiance to anything. This statement and order of White was very hostile and hideous to your layman.

In an affidavit attached to the complaint, Plaintiff alleges First and Fourteenth Amendment violations.

As relief, Plaintiff seeks $10,000 for "a negligent ministerial act by . . . White in his individual capacity in total absence of all jurisdiction denying plaintiff's right to testify"; punitive damages in the amount of $700,000 for damage to property ordered sold; and "Order sale of property void for denial of 11th Amendment sovereign immunity being held in the jurisdiction of U.S. Attorney General not being notified insufficient service of process & no service of process."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

Plaintiff asserts jurisdiction under three statutes, 28 U.S.C. §§ 1331, 1346, and 2671. Section 1346 is a jurisdictional statute applying to situations when the United States is a defendant. Because a state-court judge is being sued in this action, § 1346 is inapplicable here.

Section 2671 is the "Definitions" section of the Federal Tort Claims Act, which provides relief for negligent or wrongful acts or omissions caused by an employee of the United States. The FTCA is, therefore, inapplicable here as well.

Finally, section 1331 is a jurisdictional statute providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In asserting First and Fourteenth Amendment violations, Plaintiff may be seeking relief under 42 U.S.C. § 1983, a federal civil rights statute providing relief for constitutional violations by persons acting under color of state law. Although Judge White is a person acting under color of state law, relief under § 1983, nonetheless, fails.

A judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A judge is subject to liability only for nonjudicial actions or if performed acts which were judicial in nature were taken in the "clear absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 133 F.3d at 1440. Two factors are used to perform this functional analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland*, 133 F.3d at 1441. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland*, 133 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Acting in error, maliciously, or in excess of his authority is not enough. *Stump*, 435 U.S. at 355; *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) ("Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.").

The ordering of the sale of property was judicial in nature and has not been shown to be in clear absence of Judge White's jurisdiction. As to Plaintiff's claim that Judge White denied him the right to testify in violation of his religious beliefs, Plaintiff concedes that Judge White would have alternatively allowed him to testify by affirmation, which Plaintiff apparently chose not to do. *See, e.g.,* Ky. R. Evid. 603 ("Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so."). The Court finds no violation under these circumstances.

Additionally, this Court is without jurisdiction to overturn the order of sale of Plaintiff's property. *See, e.g., Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Plaintiff may only seek relief from Judge White's order by filing an appeal with the Kentucky Court of Appeals.[1]

The Court will dismiss the action by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Kentucky Attorney General
4413.005

---

[1] Review of the Kentucky Court of Appeals docket reveals that Plaintiff may have already appealed the order as there are several active cases before the appellate court challenging a February 19, 2010, Calloway Circuit Court judgment. *See* http://apps.kycourts.net/Appeals/COA_Dockets.shtm.